[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15936
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01036-CV-CAP-1

ANDREA JONES,

Plaintiff-Appellee,

versus

DIRECTV, INC.,
THE DIRECTV GROUP, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2010)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

DirecTV and the DirecTV Group (collectively "DirecTV") appeal the denial of their motion to compel Andrea Jones to arbitrate her consumer complaint. The district court ruled that an arbitration clause in Jones's contract with DirecTV was unenforceable because its waiver of the right to maintain a class action was unconscionable. We affirm.

In 2002, Jones subscribed for satellite television service from DirecTV. Jones's customer agreement stated that she could "cancel [her] service" if she disagreed with any term of the agreement and continued use of the service constituted acceptance of the agreement. In May 2007, Jones leased two DirecTV receivers from a Best Buy store in Georgia and signed an equipment lease addendum. The addendum incorporated a revised customer agreement.

The revised agreement provided that any dispute between DirecTV and a customer would be "resolved only by binding arbitration." The arbitration clause stated that the customer had to "pay an arbitration initiation fee . . . not to exceed $125" and DirecTV would "pay any additional fee or deposit required by JAMS to initiate . . . arbitration." The clause also stated that DirecTV "agree[d] to pay the costs of the arbitration proceeding," but "[o]ther fees, such as attorney's fees and expenses of travel" would "be paid in accordance with JAMS Rules." Those rules vest an arbitrator with discretion to "allocate" attorney's fees and expenses "if

2

provided by the Parties' agreement or allowed by applicable law." JAMS Comprehensive Arb. R. 24(g) (available at http://www.jamsadr.com/files/Uploads/ Documents/JAMS-Rules /JAMS_comprehensive_arbitration_rules-2009.pdf (all Internet materials as visited June 2, 2010, and available in Clerk of Court's case file). The agreement prohibited a customer from "arbitrat[ing] any claim as a representative member of a class," but the agreement stated that, if that provision were unenforceable, the "entire" arbitration clause would be "unenforceable."

In November 2008, Jones sent DirecTV a letter complaining that she had been overcharged by $5.39 each month since she had leased the two receivers. Jones warned that unless DirecTV "submit[ted] a reasonable tender of settlement" within 30 days, she would sue DirecTV for making "misrepresentations and breaches of contract . . . in violation of the Georgia Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390, et. seq. and the Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 et. seq." DirecTV did not settle the dispute.

In January 2009, Jones filed a complaint in a Georgia court "on behalf of herself and all others similarly situated" against DirecTV. Jones alleged that DirecTV had "collected unduly high fees for leasing and lease-related sales tax charges." Jones complained that DirecTV had breached its contract and been unjustly enriched, and Jones requested an accounting of funds and injunctive and

3

declaratory relief.

DirecTV removed the case to the district court, under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and moved to compel Jones to arbitrate her complaint. DirecTV argued that Jones was bound by the arbitration clause in the customer agreement. DirecTV also argued that the clause was enforceable because Jones could, but did not, assert a claim under the Georgia Fair Business Practices Act, which guaranteed to a prevailing party payment of attorney's fees.

The district court denied the motion to arbitrate filed by DirecTV. The district court ruled that the waiver of the right to represent a class in Jones's agreement was unconscionable based on our decision in Dale v. Comcast Corp., 498 F.3d 1216 (11th Cir. 2007). The district court reasoned that Jones and the class she sought to represent would have little incentive to pursue arbitration based on "the limited potential recovery" available. We held in Dale that a waiver of a class action in an arbitration agreement is unconscionable under Georgia law when the "cost of vindicating an individual subscriber's claim . . . is too great." Id. at 1224. We explained that several factors are relevant in determining the enforceability of a waiver of a class action, including the "fairness of the provisions," the cost of individual arbitration in comparison to the potential recovery, the likelihood that attorney's fees and expenses could be recovered, the

4

power the waiver gave the company "to engage in unchecked market behavior," and "related public policy concerns." Id. We ruled that the waiver of a class action in the Comcast contract was unconscionable because it undermined a public policy favoring the pursuit of small-value claims to deter companies from misconduct and discouraged arbitration by consumers who sought small judgments, but bore significant costs and would otherwise experience difficulty obtaining representation. Id.

This appeal is materially indistinguishable from Dale. Jones and other subscribers each seek to recover about $200, but they have to weigh whether that small recovery would offset their costs of up to $125 for initiating the arbitration, the price of expert witnesses, and other expenses. See Dale, 498 F.3d at 1224. Jones and other subscribers would face difficulty obtaining individual representation because their complaints about violations of state law do not entitle them to recovery of attorney's fees and costs unless they can prove that DirecTV acted in bad faith. See Ga. Code § 13-6-11. The waiver of a class action in the arbitration agreement with DirecTV is unconscionable because the costs of arbitration would significantly deter Jones from pursuing her complaint against DirecTV. See Dale, 498 F.3d at 1224.

DirecTV argues that, in its cost-benefit analysis, the district court must

5

consider all potential claims available to a plaintiff, but we disagree. The plaintiff is master of her complaint and "selects the claims that will be alleged in the complaint." United States v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997). DirecTV cites no authority to support its argument that we must ascribe to Jones a potential claim for relief that has not been pleaded in her complaint. See Pendergast v. Sprint Nextel Corp.,592 F.3d 1119, 1141 (11th Cir. 2010) (evaluating substantive unconscionability based on grounds alleged in complaint); Dale, 498 F.3d at 1222–23 (stating that "subscribers cannot recover attorneys' fees . . . for the specific violations alleged" in the complaint); Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 878 (11th Cir. 2005) (rejecting argument that class members would be unable to obtain representation because plaintiff could recover attorney's fees under "her Georgia RICO claim"); Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 638 (4th Cir. 2002) (plaintiffs could recover attorney's fees for alleged violations of the Truth in Lending Act and Racketeer Influenced and Corrupt Organizations Act); Honig v. Comcast of Ga. I, LLC, 537 F. Supp. 2d 1277, 1287 (N.D. Ga. 2008) (distinguishing Dale on the ground that the plaintiff's "first and primary claim . . . is brought pursuant to the Georgia Fair Business Practices Act").

The decision to deny the motion to arbitrate is **AFFIRMED**.